IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMY WADE, #M-17657, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-01353-NJR |
| ) | |
| VIPIN SHAH, ) | |
| WEXFORD MEDICAL SOURCES, ) | |
| SUZANN BAILEY, and ) | |
| ALFONSO DAVID, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On December 10, 2015, Plaintiff filed a *pro se* civil rights complaint in this Court. (Doc. 1). On December 21, 2015, the Court entered a text order (Doc. 7) notifying Plaintiff that the right sides of pages 5-10 of his complaint were inadvertently cut off. The Court ordered Plaintiff to re-submit the complaint no later than January 7, 2016.

Plaintiff failed to submit a complaint by the deadline. On January 22, 2016, the Court issued an order (Doc. 9) warning Plaintiff that his case would be dismissed for failure to prosecute and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b) if he did not re-submit the complaint by February 1, 2016.

On January 27, 2016, Plaintiff submitted a copy of the original complaint (*see* Doc. 10), but this time pages 5-10, which included Counts 1 and 2, were entirely omitted. In addition, Plaintiff filed a motion to sever and settle certain claims (Doc. 14). Unclear whether Plaintiff intended to omit Counts 1 and 2, the Court ordered Plaintiff to resubmit the complaint, if the omission was unintended, by February 16, 2016. (*See* Doc. 15).

Instead of re-submitting his complaint, Plaintiff filed a motion to withdraw the motion to sever (Doc. 16) and a motion to amend the complaint (Doc. 17). In the motion to withdraw the motion to sever (Doc. 16), Plaintiff stated that the motion to sever was "accidentally" included in his filings because at the time Plaintiff was "inadvertently" mirroring the filings in a case filed by his cellmate. (Doc. 16). In accordance with Plaintiff's request, the Court withdrew Plaintiff's motion to sever (Doc. 14) and granted Plaintiff leave to file an amended complaint. (*See* Doc. 18). In that Order (Doc. 18), Plaintiff was advised that he had only until March 22, 2016, to file an amended complaint, and he was clearly warned that failure to file an amended complaint by that deadline would result in dismissal of the case in its entirety. The deadline has since passed, and Plaintiff has not filed an amended complaint.

As a result, the present case is **DISMISSED without prejudice**, and this case is **CLOSED**. Because Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) tolls the 30-

day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  March 28, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**